J-S67010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARNELL LAMONT MCLEAN | : | |
| | : | |
| Appellant | : | No. 879 MDA 2019 |

Appeal from the PCRA Order Entered May 2, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0001342-2016

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 24, 2020**

Appellant, Darnell Lamont McLean, appeals from an order entered May 2, 2019, which dismissed his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The facts and procedural history of this case are as follows.  On July 21, 2016 and into the early morning hours of July 22, 2016, Appellant and Marvin Trotter, the victim, were at Dara and Jack's Place, a bar in Chambersburg, Pennsylvania.  PCRA Court Opinion, 5/2/19, at 3.  The pair interacted while there.  ***Id***.  At approximately 1:10 a.m., Trotter, his brother, and two friends left the bar.  ***Commonwealth v. McLean***, 194 A.3d 683 (Pa. Super. 2018) (unpublished memorandum), at 1 (citation omitted).  Appellant exited shortly thereafter and approached Trotter outside the bar.  PCRA Court Opinion,

_____

[*] Former Justice specially assigned to the Superior Court.

5/2/19, at 4. "An altercation ensued, during which Appellant slashed [Trotter] multiple times with a box cutter, inflicting head wounds and cutting seven tendons in [Trotter's] left hand." *Commonwealth v. McLean*, 194 A.3d 683 (Pa. Super. 2018) (unpublished memorandum), at 2 (citation omitted). "Appellant [then] left [Trotter] lying in the street" where he was "bleeding profusely and [] going in and out of consciousness." *Id.*

Thereafter, the Commonwealth charged Appellant with attempted murder and aggravated assault. Appellant's jury trial commenced June 5, 2017, during which both Trotter and Appellant testified and recounted the events of the night. PCRA Court Opinion, 5/2/19, at 3. First, Trotter testified and explained that he and Appellant interacted "briefly" while at Dara and Jack's Place. *Id.* After leaving the bar, Trotter claimed that he was walking to his brother's home when someone yelled for him, causing him to turn around. *Id.* at 3. Appellant then "advanced toward [] Trotter until they were 'almost touching noses.'" *Id.* at 4. When Trotter tried to push Appellant away, "his arm went limp" and then he "stepped into a hole," fell to the ground, and "could not remember what happened next." *Id.*

Appellant, however, provided a different version of events and attempted to prove that he acted in self-defense. *Id.* at 1. Specifically, Appellant alleged that Trotter engaged in hostile behavior throughout the night which made Appellant believe that Trotter planned to "jump him." *Id.* at 4. This caused Appellant to confront Trotter and "try to diffuse the situation" after he saw Trotter outside of the bar. *Id.* Appellant claimed that

once he approached Trotter, Trotter "sw[ung] at [him,]" "hit [Appellant's] glasses" and "struck [Appellant's friend, Gershawn Samuels]." *Id.* at 4. After Trotter hit Samuels, Appellant alleged that he saw "the glint of [a] blade" which caused Appellant to "pull[] out a box cutter and swing[] it at [] Trotter five or six times" because Appellant believed that "Trotter was going to kill him even if he turned and ran." *Id.* at 4-5. Appellant then "watched [] Trotter fall to the ground, turned, and walked away." *Id.* at 5.

Appellant's trial concluded on June 7, 2016. The jury ultimately found Appellant guilty of aggravated assault, but not guilty of attempted murder. *Id.* at 1. On August 30, 2017, the trial court sentenced Appellant to 120 to 240 months' incarceration. *Id.* This Court affirmed Appellant's judgment of sentence on July 17, 2018. *Commonwealth v. McLean*, 194 A.3d 683 (Pa. Super. 2018) (unpublished memorandum), at 1-16 (citation omitted). Our Supreme Court subsequently denied *allocatur* on November 27, 2018. *Commonwealth v. McLean*, 198 A.3d 329 (Pa. 2018).

Appellant filed a timely *pro se* PCRA petition on December 18, 2018. Appellant's PCRA Petition, 12/18/18, at 1-4. In his petition, Appellant claimed that he was entitled to a new trial because he recently met an eyewitness to the July 2016 altercation, a fellow inmate, Joshua Fink, whose prospective testimony constituted after-discovered evidence, which would likely compel a different verdict. *Id.* Counsel was subsequently appointed and filed an amended PCRA petition on Appellant's behalf. Appellant's Amended PCRA Petition, 1/31/19, at 1-3. The PCRA court held an evidentiary hearing on

- 3 -

March 14, 2019, during which Appellant presented the testimony of Joshua

Fink.  The PCRA court summarized Fink's testimony as follows.

> In July [] 2016, [] Fink [lived] in Mont Alto, Pennsylvania.  Before midnight on July 21, 2016, he traveled from Mont Alto to Chambersburg to meet his friend . . . and exchange something for heroin and [x]anax.  After obtaining the drugs, [] Fink parked his car on South Street, near Honeywell Avenue, in Chambersburg and prepared to intravenously inject the heroin.  [] Fink estimated that he arrived at the spot at some point between midnight and 2[:00] a.m.
>
> ***
>
> While sitting in his car, [] Fink saw a group of four men walking down the street.  He then saw two other men approach.  All involved were black men.  [] Fink explained that they were 20 to 30 feet away from him, across the street[ and that from] his position in the alley, [] Fink was invisible to [them].
>
> [] Fink then heard someone yell, "Hey!"  He looked up and saw one man, dressed in red, stop walking and drop back from the group of four.  The man wearing red was approached by a man wearing grey, who was part of [a] group of two.  The man in red and the man in grey squared off, while the other men backed away.
>
> [] Fink now believes that the man in red was [] Trotter[,] and the man in grey was [Appellant].
>
> [] Fink recounted that he glimpsed something shiny in [] Trotter's hand.  He then saw [] Trotter "take a swing" [at] [Appellant], knocking [Appellant's] glasses off.  To [] Fink, it appeared that [Appellant] responded by slapping [] Trotter multiple times in the head.  He thought he saw [Appellant] holding a lighter or something plastic in his hand.  [] Fink then watched [] Trotter fall to the ground.  He stated that [Appellant] did not run away but instead backpedaled, turned, and exited [] Fink's view.
>
> [] Fink then heard someone say, "call 911" or "call an ambulance."  Possessing illegal drugs, driving without a license, and realizing that the police may be arriving, [] Fink immediately left the scene.

[] Fink agreed that he would not have been willing to speak to police as an eyewitness. He affirmed that he had not learned that criminal charges were filed as a result of the altercation and told no one [] what he witnessed.

[] Fink was arrested two weeks after the incident between [] Trotter and [Appellant] on charges of robbery and other related offenses. He was initially held in the Franklin County Jail until he was released on bail in May [] 2017. Following his convictions by jury for his charged offenses, [] Fink began serving his sentences [at] SCI-Forest [where he met Appellant during a softball event. Specifically, Fink explained that during this event, he approached Appellant because he recognized him from the Franklin County Jail. He then learned the reason for Appellant's incarceration, and told Appellant that he had witnessed the incident between him and Trotter. Appellant subsequently asked if Fink would write a statement].

PCRA Court Opinion, 5/2/19, at 5-7. On May 2, 2019, the trial court entered an order denying Appellant's PCRA petition. PCRA Court Order, 5/2/19, at 1.

This timely appeal followed.[1]

Appellant raises the following issue on appeal:

Did the [PCRA] court err and abuse its discretion when it denied Appellant's [PCRA petition] based upon after-discovered evidence when Appellant's petition and [the] evidence presented at the [March 14, 2019 evidentiary hearing] met all [the] factors required in order to grant a new trial?

Appellant's Brief at 7.

As we have stated:

_____

[1] Appellant filed a notice of appeal on May 30, 2019. On May 31, 2019, the PCRA court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 27, 2019, expressly incorporating its opinion dated May 2, 2019.

> [t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

*Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

Herein, Appellant argues that the PCRA court erred in denying his PCRA petition. Specifically, Appellant contends that Joshua Fink's testimony "would directly support [his] self-defense claim and provide the jury with eyewitness testimony." Appellant's Brief at 10. As such, "Fink's testimony passes the four-part test to be considered after-discovered evidence [and] warrant[s] a new trial." *Id.* We disagree.

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). To obtain relief based on after-discovered evidence, an appellant must show that the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely

corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010) (citations omitted). To determine whether the evidence is "of such a nature and character" to compel a different verdict in a new trial, a court should consider "the integrity of the alleged after [-] discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." *Id.* at 365.

In this case, the PCRA court concluded that Appellant failed to show that Fink's testimony would likely produce a new verdict. PCRA Court Opinion, 5/2/19, at 8. Per the court, Fink's testimony "d[id] not materially strengthen the self-defense theory pursued at trial" because, "[b]y all accounts, including [] Fink's," Appellant "provoked the altercation" when he "initiated contact with [] Trotter by following [Trotter after he] left the bar and then approaching him in the street." *Id.* at 9. As such, even with Fink's testimony, Appellant cannot meet the "requirements for self-defense with deadly force as a matter of law." *Id.* The PCRA court also found Fink's testimony incredible. *Id.* Indeed, it determined that the "circumstances under which [his] testimony [came] to light" were "dubious" and held that Fink's account of the July 2016 events "contain[ed] a significant disparity with the recollections of both [] Trotter and [Appellant]." *Id.* Upon review, we conclude that the PCRA court's findings are supported by the record and devoid of legal error.

For these reasons, we agree with the PCRA court that Appellant is not entitled to relief on his after-discovered evidence claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/24/2020